Juan Angel Gomez, Esq.
The Law Office of Juan Angel Gomez
118 Broadway Suite 521
San Antonio, TX 78205
Email: Juanangel@jagfirm.com
Tel: (210) 251-4526

Mike Sethi, Esq. (Pro Hac Vice Application Forthcoming)
U.S. Legal Group, APC
625 N. Main St.
Orange, CA 92868
Email: Mikes@sethilawgroup.com
Phone #: (714) 921-5226
Fax #: (714) 921-5230

Attorney for Respondent
Vimal Patel

FILED

AUG 25 2020

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

SA20CA0994XR

# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| *In the Matter of:* <br> Vimal Patel, <br>   Petitioner, <br><br> William P. Barr, Attny. General; Chad Wolf, Secretary of the Dept. of Homeland Security; Matthew T. Albence, Deputy Director Immigration and Customs enforcement; Daniel Bible, U.S. ICE San Antonio Field Office Director; Charles Vondra, Warden of Limestone County Detention Center, <br><br>   Respondent(s). | Case No.: <br><br> Agency No: 213-536-075 <br><br><br> Petition for Writ of Habeas Corpus <br><br> Pursuant to 28 U.S.C. § 2241 |

Juan Angel Gomez, Esq.
The Law Office of Juan Angel Gomez
118 Broadway Suite 521
San Antonio, TX 78205
Email: Juanangel@jagfirm.com
Tel: (210) 251-4526

Mike Sethi, Esq. (Pro Hac Vice Application Forthcoming)
U.S. Legal Group, APC
625 N. Main St.
Orange, CA 92868
Email: Mikes@sethilawgroup.com
Phone #: (714) 921-5226
Fax #: (714) 921-5230

Attorneys for Petitioner
Vimal Patel

# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| *In the Matter of:* | Case No.: 5:20-CV-00994 |
| Vimal Patel, | Agency No.: 213-536-075 |
| Petitioner, | |
| | Petition for Writ of Habeas Corpus |
| William P. Barr, Attny. General; Chad Wolf, Secretary of the Dept. of Homeland Security; Matthew T. Albence, Deputy Director Immigration and Customs Enforcement; Daniel Bible, U.S. ICE San Antonio Field Office Director; Charles Vondra, Warden of Limestone County Detention Center, | Pursuant to 28 U.S.C. § 2241 |
| Respondents. | |

Petitioner, Vimal Patel (hereinafter "Mr. Patel" or "Petitioner"), hereby petitions this Court for a Writ of Habeas Corpus to remedy his unlawful detention by Respondents and for injunctive relief. In support of this petition, Petitioner alleges as follows:

## CUSTODY

1. Petitioner is in the physical custody of Respondents and U.S. Immigration and Customs Enforcement ("ICE"). Petitioner is detained in the Limestone County Detention Center in Texas at 910 Tyus Road in Groesbeck, TX 76642. Petitioner is being held under 8 U.S.C. § 1226(a) (Immigration and Nationality Act (INA) §236 (a)) and is under the direct control of Respondents and their agents.

## JURISDICTION

2. This action arises under the Constitution of the United States, and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq. as amended by the Illegal Immigration Reform and Immigration Responsibility Act of 1996 ("IIRIRA"), Pub.L.No 104-208, 110 Stat. 1570, and the Administrative Procedure Act ("APA"), 5 U.S.C. §701 et. seq.

3. This Court has jurisdiction under 28 U.S.C. § 2241 et. seq. and Art. I § 9 cl. 2 of the United States Constitution ("Suspension Clause"); and 28 U.S.C. § 1331 and § 1346, as Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, law, or treaties of the United States. This Court may grant relief pursuant to 28 U.S.C. § 2241, 5 U.S.C. §702, and the All Writs Act, 28 U.S.C. §1651.

4. Petitioner has exhausted any and all administrative remedies to the extent required by law.

///

///

## VENUE

5. Pursuant to *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493-500 (1973), venue lies in the United States District Court for the Western District of Texas, the judicial district in which petitioner is currently being detained, thus, where he resides and where a substantial part of the events or omissions giving rise to the claim occurred under 28 U.S.C. § 1391(e). Venue is also proper under 28 U.S.C. § 2243 because the immediate custodians of the Plaintiff reside in this District.

## PARTIES

6. Petitioner, Mr. Patel, A213-536-075, is a native and citizen of India who arrived in the United States on or about December 14, 2019 and was taken into ICE custody. He has remained in ICE custody continuously since that date.

7. On or about January 15, 2020, Petitioner was found not to have a "credible fear" of persecution if he returns to India, which was later vacated by an immigration judge. Petitioner appeared for a master calendar hearing on March 26, 2020 and submitted a motion for bond and requested an Electronic Tracking Device. The Immigration judge denied the requests ruling that Petitioner was a flight risk. Petitioner then motioned for bond redetermination based on changed circumstances due to the COVID-19 pandemic, which was also denied. He remains in ICE custody to this date with no indication that removal will be obtained in the reasonably foreseeable future.

8. Respondent, William P. Barr, is the attorney General of the United States and is responsible for the administration of ICE and the implementation and enforcement of the Immigration & Naturalization Act ("INA"). As such, William P. Barr has ultimate custodial authority of Petitioner. At all times relevant to this Petition, Respondent Barr was acting within the

scope and course of his position as Attorney General of the United States. He is sued in his official capacity.

9. Respondent, Chad Wolf, is the Secretary of the Department of Homeland Security. He is responsible for the administration of ICE and the implementation and enforcement of the INA. As such, Chad Wolf is the legal custodian of Petitioner. At all times relevant to this Petition, Respondent Wolf was acting within the scope and course of his position as Secretary of the Department of Homeland Security. He is sued in his official capacity.

10. Respondent, Daniel Bible is the Director for the San Antonio Field Office of Enforcement and Removal Operations ("ERO") within ICE, a federal law enforcement agency within the Department of Homeland Security ("DHS"). ERO is a division of ICE that manages and oversees the immigration detention system. In his capacity as Field Office Director for ERO, Respondent Bible exercises control over and is a custodian of immigration detainees held at the Limestone County Detention Center, including the Petitioner in this case. At all times relevant to this Petition, Respondent Bible was acting within the scope and course of his employment with ICE. He is sued in his official capacity.

11. Respondent, Matthew T. Albence, is the ICE Deputy Director and Senior Official Performing the Duties of the Director for ICE at U.S. Immigration and Customs Enforcement, 500 12th St. S.W., Washington, D.C. 20536, with authority over the Limestone County Detention Center where the petitioner is currently detained. At all times relevant to this Petition, Respondent Albence was acting within the scope and course of his position as ICE Deputy Director. He is sued in his official capacity.

12. Respondent, Charles Vondra, is the Warden of the Limestone County Detention Center, where Petitioner is currently detained under the authority of ICE, alternatively, he may be

considered to be the Petitioner's immediate custodian. At all times relevant to this Petition, Respondent Vondra was acting within the scope and course of his employment as Warden of the Limestone County Detention Center. He is sued in his official capacity.

## FACTUAL ALLEGATIONS

1. Petitioner, Mr. Patel, A213-536-075, arrived in the United States on or about December 14, 2019, and was detained by Immigration and Customs Enforcement. Petitioner has remained in ICE custody since his arrival. On or about January 15, 2020, Petitioner had a negative credible fear interview according to the Department of Homeland Security. The negative credible fear interview was later overturned by the Immigration Judge. Petitioner applied for asylum with the Immigration Judge. The Immigration Judge denied his asylum application on July 25, 2020.

2. On August 5, 2020, Petitioner timely appealed the decision of the Immigration Judge to the BIA. That appeal is currently pending before the board and a stay of removal is in effect while Petitioner awaits a decision on the merits. *See* Exhibit I.

3. On March 11, 2020, the World Health Organization announced that the COVID-19 outbreak was a pandemic.

4. The Centers for Disease Control has listed individuals with asthma to be at a high risk of severe health complications from COVID-19. *See* Exhibit A.

5. Patients who develop COVID-19 can develop complications at an alarming pace. Patients can show the first symptoms of infection within two days of exposure, and their condition can seriously deteriorate in five days or less. *See* Exhibit B.

6. Symptoms of COVID-19 include trouble breathing, fever, cough, chills, fatigue, muscle or body aches, headache, new loss of taste or smell, sore throat, congestion, runny nose, nausea, vomiting or diarrhea. *See* Exhibit B.

7. Petitioner has been showing symptoms for at least 10 days and has requested a doctor 3 separate times in those 10 days. However, despite Petitioner's symptoms and requests for medical help he remains in custody and untreated by a doctor.

8. Despite Petitioner's symptoms and his increased risk of death or developing serious complications due to his asthma, ICE officers have refused to treat Petitioner, test him for COVID-19, or otherwise attend to his medical needs. This lack of treatment of a possible COVID-19 case can lead to a more serious condition. These conditions make it likely that the symptoms that Petitioner is showing are due to an infection by COVID-19. In addition, petitioner's asthma makes the risk of infection unbearable and it must be addressed.

9. People who contract severe cases of COVID-19 need intensive medical support, requiring highly specialized equipment that is in limited supply, and an entire team of care providers, including 1:1 or 1:2 nurse to patient ratios, respiratory therapists, and intensive care physicians. *See* Exhibit C.

10. The extensive degree of support that COVID-19 patients need can quickly exceed local health care resources. When healthcare systems are overwhelmed, doctors and public health authorities are inevitably left to allocate scarce resources regarding who receives care. *See* Exhibit D.

11. There is no known cure for COVID-19 at this time. The only way to protect people from grave illness and death is to prevent them from being infected with the coronavirus at the outset. Thus, the only known means of minimizing the risk of infection is social

distancing—i.e., staying at least 6 feet from others at all times—coupled with rigorous sanitization practices. *See* Exhibit E.

12. Every adult faces grave risk of harm from COVID-19, not just those deemed particularly vulnerable. Some young people who become seriously ill or die from COVID-19 have pre-existing medical conditions, but many do not. *See* Exhibit F.

13. As of August 19, 2020, there are 22 detainees who have tested positive for COVID-19 at the Limestone County Detention Center. *See* Exhibit H. Conditions at the Limestone County Detention Center present an extreme risk to the petitioner because they do not allow for the social distancing measures recommended to control the spread of COVID-19. COVID-19 infects people who encounter respiratory droplets that contain the coronavirus, such as those produced when an infected person coughs, sneezes, or otherwise breathes on any surface. Such droplets can spread between people at up to six feet. The virus can also survive for long periods on surfaces.

14. ICE continues to hold Petitioner without bond and without proper medical treatment for symptoms of COVID-19, which are conditions that shock the conscience and without sufficient grounds or basis for detaining him.

15. Petitioner believes that his detention without bond under these conditions is unreasonable, unjustified, capricious, arbitrary and illegal as it is in violation of well established immigration laws, the Constitution of the Unites States, specifically the Fifth and Eighth Amendments of the United States Constitution, and the interstate agreement on detainees (IAD) through O.C.H.A § 42-6-20.

16. Therefore, Petitioner requests immediate release from detention either on an order of supervision, alternatives to detention, or cancellation of his detainer while he awaits removal.

## LEGAL FRAMEWORK FOR RELIEF SOUGHT

17. Under 28 U.S.C. § 2241 the writ of habeas corpus shall not extend to a prisoner unless: (1) he is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; (2) he is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; (3) he is in custody in violation of the Constitution or law or treaties of the United States; (4) he, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or (5) it is necessary to bring him into court to testify or for trial. Of relevance to this case are sections (1), (2) and (3).

18. Petitioner was detained on or about December 14, 2019 and since such time Respondents have failed to provide conditions of detention that conform to the Constitution, laws, or treaties of the United States.

## CLAIMS FOR RELIEF

### COUNT ONE

### SUBSTANTIVE AND PROCEDURAL DUE PROCESS VIOLATION DUE TO THE CONDITIONS OF DETENTION

19. Petitioner re-alleges and incorporates by reference paragraphs 1 through 18 above.

20. The Due Process Clause of the Fifth Amendment to the U.S. Constitution applies to all persons within the United States, including aliens., whether their presence here is lawful, unlawful, temporary, or permanent. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001); *see also Mathews v. Diaz*, 426 U.S. 67, 77 (1976). Immigration detention violates due process unless such detention is reasonably related to its purpose. *Zadvydas*, 533 U.S. at 690 (*citing Jackson v. Indiana*, 406 U.S. 715, 738 (1972)). Moreover, as detention becomes increasingly onerous, the Due Process Clause requires a sufficiently strong justification to outweigh the significant deprivation of liberty, as well as strong procedural protections. *See Zadvydas*, 533 U.S. at 690-91. 63.

21. Petitioner's continued detention violates his right to substantive due process as he is being deprived of his core liberty interest in being free from bodily restraint.

22. The Due Process Clause of the Fifth Amendment requires that the deprivation of a detainee's liberty be narrowly tailored to serve a compelling government interest.

23. While Respondents would have an interest in detaining Petitioner to effectuate removal, that interest does not justify the detention of a Petitioner who is at such high degree of risk of death or other serious bodily harm while being detained.

24. Furthermore, Petitioner's continued detention is both arbitrary and punitive in violation of the Due Process Clause for the following reasons:

    a. While he is detained, there is a high risk that Petitioner will contract COVID-19 because of the inability to physically distance from others and from the lack of cleaning supplies and safety measures and protective equipment in the detention center.

Case 5:20-cv-00994 Document 1 Filed 08/25/20 Page 10 of 56

b. Furthermore, Petitioner, in particular, is at heightened risk of death or serious bodily harm as a result of his serious underlying health condition of asthma and due to the fact that he has been showing symptoms for ten days and requested a doctor three times but detention officers have failed to allow a doctor to see him, treat him with any medication or test him for COVID-19.

c. Petitioner is a decent individual who is not a danger to the community and no criminal history. His risk of flight does not rise to the level which would require such prolonged detention with no possibility of release on bond while he awaits removal proceedings, especially under these conditions.

25. Petitioner's continued immigration detention while he is especially vulnerable to a raging pandemic bears no reasonable relation to the government's purpose when there are numerous alternatives to detention that would not similarly endanger Petitioner's life or health.

26. The purpose of Petitioner's detention changed from civil to punitive, in violation of the Fifth Amendment to the U.S. Constitution because Petitioner is being deprived of liberty without due process of law.

27. Thus, Petitioner's continued detention also violates the substantive Due Process Clause of the Fifth Amendment since the government's interest in detaining the Petitioner in order to effectuate removal is moot because the government's interest is not compelling enough to justify the continued deprivation of Petitioner's liberty.

28. For the foregoing reasons, Petitioner's detention violates his right to substantive and procedural Due Process guaranteed by the Fifth Amendment to the U.S. Constitution.

///
10

## COUNT TWO

## EIGHTH AMENDMENT VIOLATION DUE TO CONDITIONS OF DETENTION

29. Petitioner re-alleges and incorporates by reference paragraphs 1 through 28 above.

30. The Eighth Amendment's prohibition of cruel and unusual punishment also protects the right to safe and humane conditions in prison. This Eighth Amendment right is violated when 1) the conditions of the confinement are objectively serious enough to justify Eighth Amendment scrutiny; 2) the responsible prison official had a "sufficiently culpable state of mind;" and 3) prison officials failed to act. See *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The first prong may be satisfied upon a showing that the petitioner is incarcerated under conditions posing a substantial risk of serious harm. *Farmer*, 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25 (1993). The second prong may be satisfied by showing that the official acted, or failed to act, with "deliberate indifference." *Wilson v. Seiter*, 501 U.S. 294 (1991); *See also Farmer*. This applies to a medical condition that is not properly addressed. *Estelle v. Gamble*, 429 U.S. 97 (1976).

31. Petitioner's continued detention by Respondents violates his Eighth Amendment Right as he is being deliberately subjected to cruel and unusual punishment that could result in severe bodily harm or loss of life.

32. The Eighth Amendment of the United States Constitution prohibits the federal government from imposing excessive bail, excessive fines, or cruel and unusual punishments.

33. Petitioner's asthma is a pre-existing condition that places him at higher risk of death or serious bodily harm if he contracts COVID-19.

34. Respondents have failed to establish procedures that would effectively prevent the contraction of COVID-19 by Petitioner or provide proper medical care to the petitioner to prevent serious complications.

35. As such, Petitioner is likely to contract COVID-19 and be killed or sustain other serious bodily harm.

36. Thus, because of the unique dangers that COVID-19 poses to Petitioner, his continued detention is likely to lead to death or substantial bodily harm.

37. Therefore, because Respondents have failed to treat Petitioner for his symptoms, Petitioner's continued detention violates his eighth amendment right to be free from excessive bails and fines and cruel and unusual punishments.

## COUNT THREE

## VIOLATION OF THE IMMIGRATION AND NATIONALITY ACT DUE TO CONDITIONS OF DETENTION

38. Petitioner re-alleges and incorporates by reference paragraphs in points 1 through 37 above.

39. 8 U.S.C. § 1226(a), the statutory provision under which Petitioner is detained, is silent about the conditions of detention authorized and the procedures required if such conditions of detention become a serious threat to petitioner's life. Serious constitutional problems would arise if § 1226(a) authorized detention under such conditions that pose a serious threat to petitioner's life without the kind of strong justification and procedural safeguards that such detention would require. To avoid these constitution problems, this Court must therefore construe the statute as authorizing detention only under conditions as are reasonable and do not present a clear and present danger to petitioner's life.

40. Petitioner's conditions of detention are not authorized under the statute. There is no justification for his continued detention under such conditions.

41. For the aforementioned reasons, his continued detention is not authorized under 8 U.S.C. § 1226(a).

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner prays that this Court grant the following relief:

1. Assume jurisdiction over this matter;

2. Grant Petitioner a writ of Habeas Corpus directing the Respondents to immediately release Petitioner from custody, or in the alternative, grant him a reasonable bond amount, and/or place him under an order of supervision or other alternatives to detention;

3. Enter preliminary and permanent injunctive relief enjoining Respondents from further unlawful detention of Petitioner;

4. Request an OSC be issued directing Respondents to file a return within 3 days under 28 U.S.C. § 2243;

5. Award Petitioner attorney's fees and costs incurred in this matter (incurred by Petitioner) under the Equal Access to Justice Act "EAJA", as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and on any other basis justified under law; and

6. Grant any other and further relief that this Honorable Court deems just and proper.

Dated: 8/21/2020

/s/ Juan Angel Gomez
Juan Angel Gomez, Esq.
Attorney for Petitioner

## Verification by someone acting on Petitioner's behalf

## pursuant to 28 U.S.C. § 2242

I affirm, under penalty of perjury, that the foregoing is true and correct to the best of my personal knowledge and belief. Furthermore, I am submitting this verification on behalf of the Petitioner because I am one of the Petitioner's attorneys. I discussed with the Petitioner the events described in this Petition. Based on those discussions, I hereby verify that the statements made in the attached Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated: 8/21/2020

/s/ Mike Sethi
Mike Sethi, Esq.
Attorney for Petitioner