UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VIMAL PATEL, | § § | |
| Petitioner, | § § | |
| v. | § § | SA-20-CA-994-XR |
| WILLIAM BARR, CHAD WOLF, DANIEL BIBLE, MATTHEW T. ALBENCE, and CHARLES VONDRA, | § § § § § | |
| Respondents. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Xavier Rodriguez:**

This Report and Recommendation concerns Respondents' Motion to Dismiss for Lack of Jurisdiction. (Docket Entry 7.) Pretrial matters in this case have been referred to the undersigned for consideration. (*See* Docket Entry 3.) For the reasons that follow, I recommend that Respondents' Motion (Docket Entry 7) be **GRANTED**.

**I.    Jurisdiction.**

Petitioner asserts this Court's jurisdiction under 28 U.S.C. §§ 1331, 1346, and 2241. (Docket Entry 1, at 3.) I have authority to issue this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

**II.    Background.**

Petitioner, a native and citizen of India, arrived in the United States on December 14, 2019, when he was detained by U.S. Immigration and Customs Enforcement ("ICE"). (Docket Entry 1, at 6.) He has been in custody since his arrival. (*Id.*) Petitioner applied for asylum, but his application was denied by an immigration judge on July 25, 2020. (*Id.*) He appealed the decision

to the Board of Immigration Appeals, and his removal is stayed pending the Board's decision. (*Id.*)

Petitioner, who was detained at the Limestone County Detention Center in Groesbeck, Texas,[1] initiated this habeas corpus action on August 25, 2020, challenging the conditions of his immigration detention as violating the Fifth and Eighth Amendments of the U.S. Constitution and the Immigration and Nationality Act. (Docket Entry 1, at 8–13.) The basis for his challenge is the health risks posed by COVID-19 for those held in ICE custody. Petitioner alleges that, although he was exhibiting systems of a COVID-19 infection, ICE officers refused to test or treat him for the disease, or otherwise attend to his medical needs. (*Id.* at 6.)[2] Petitioner asserts that he is especially susceptible to COVID-19 complications because of his pre-existing asthma condition. (*Id.*) He requests his immediate release while he awaits further immigration proceedings. (*Id.* at 8.)

Respondents seek dismissal of this action on the grounds that Petitioner's challenge is to the conditions of his confinement, and that a habeas petition is not the appropriate vehicle for making such a challenge. (Docket Entry 7.)

## III. Analysis.

Petitioner's habeas petition challenges the procedures and policies governing how ICE detainees at the Limestone County Detention Center are housed and treated with respect to

---

[1] Groesbeck is located in Limestone County, in the Waco Division of the Western District of Texas. *See* 28 U.S.C. § 124(d)(2). In light of the undersigned's recommendation that the case be dismissed for lack of subject matter jurisdiction, there is no need for the Court to consider a divisional transfer for the matter. *See* 28 U.S.C. § 1404(a).

[2] Petitioner states that, as of August 22, 2020, there were 22 inmates at the Limestone facility who had tested positive for COVID-19. (*Id.* at 7.)

2

COVID-19. As Respondents correctly contend, conditions-of-confinement claims are not cognizable in habeas. Although Petitioners seeks release from detention, his claims challenge the conditions of his confinement, not its fact or duration.

Petitioner does not challenge the cause of his original detention or Respondents' legal authority to continue that detention, absent the risks posed by COVID-19. Petitioner concedes that Respondents have an interest in detaining him to effectuate his removal, but he contends that this interest does not justify his detention in the current circumstances because of his "inability to physically distance from others" and because of "the lack of cleaning supplies and safety measures and protective equipment in the detention center." (Docket Entry 1, at 10.) Each of his causes of action is expressly premised on "the conditions of detention." (*See* Docket Entry 1, at 8 (Count One), 11 (Count Two), 12 (Count Three).) Such claims clearly concern the conditions in which Petitioner is confined, not the fact or duration of confinement.

It is well settled that claims challenging a detainee's conditions of confinement are properly pursued as civil rights challenges under 42 U.S.C. § 1983 or *Bivens*[3]; they are not generally cognizable in habeas. See, e.g., *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). Although the line between these two types of claims can blur when a detainee challenges an unconstitutional condition of confinement or procedure that affects the timing of his or her release from custody, the Fifth Circuit follows "a simple, bright-line rule" for such situations. *Id.* "If a favorable determination . . . would not automatically entitle [the detainee] to accelerated release, the proper vehicle is a § 1983 suit." *Id*; *see also Schipke v. Van Buren*, 239 F. App'x 85, 86 (5th Cir. 2007) (same, *Bivens* action).

---

[3] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

In this case, Petitioner's challenges to the conditions of his confinement, even if successful, would not necessarily result in accelerated release from custody. Instead, for example, a proper remedy could very well involve injunctive relief to address the allegedly unsafe practices or conditions. *See Lineberry v. United States*, 380 F. App'x 452, 453 (5th Cir. 2010). The fact that Petitioner seeks release cannot convert conditions-of-confinement claims into a habeas request.

As the Government contends (Docket Entry 7, at 2), courts in this District and around the Fifth Circuit have come to the consensus that a petitioner may not challenge the conditions of confinement related to COVID-19 by way of a habeas petition. *See, e.g., Gaona v. U.S. Dep't of Homeland Sec.*, No. SA-20-CV-00473-FB-RBF, 2020 WL 6255411 (Sept. 11, 2020), *recommendation adopted*, 2020 WL 6255410 (W.D. Tex. Oct. 22, 2020); *Debnam v. Salazar*, No. SA-20-CV-1048-FB, 2020 WL 5416513, at *1 (W.D. Tex. Sept. 9, 2020); *Cleaver v. Ma'at*, No. A-20-CV-00539-LY 2020 WL 6156591 (W.D. Tex. Aug. 18, 2020), *recommendation adopted*, *Beswick v. Barr*, No. 5:20-CV-98-DCB-MTP, 2020 WL 3520312, at *2 (S.D. Miss. June 29, 2020); *Ambriz v. United States*, No. 4:20-CV-568-P, 2020 WL 3066861, at *2 (N.D. Tex. June 5, 2020); *Drakos v. Gonzalez*, No. H-20-1505, 2020 WL 2110409, at *1 (S.D. Tex. May 1, 2020). Petitioner provides no basis to depart from this consensus in his case.

Like other courts that have addressed similar contentions, the undersigned is "not without sympathy for Petitioners and their current predicament, considering the "extraordinary and unique public-health risk to society" which COVID-19 presents. *Gaona*, 2020 WL 6255411, at *5 (citing *Sacal-Micha v. Longoria*, 449 F. Supp. 3d 656, 665 (S.D. Tex. Mar. 27, 2020)). Moreover, the undersigned acknowledges the difficulties Petitioner may face in bringing a *Bivens* action. *See Gaona*, 2020 WL 6255411, at *5. But sympathy, however justified, cannot provide the Court with

jurisdiction over Petitioner's claims.

**IV.  Conclusion.**

For the reasons set out above, I recommend that Respondents' Motion to Dismiss for Lack of Jurisdiction (Docket Entry 7) be **GRANTED**.

**V.  Instructions for Service and Notice of Right to Object.**

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Report and Recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on December 8, 2020.

_____
Henry J. Bemporad
United States Magistrate Judge